632

56 So.2d 673

### MARTIN et al. v. FORD.
### 4 Div. 634.

Supreme Court of Alabama.

Jan. 31, 1952.

Douglas Brown and Henry B. Steagall, II, Ozark, for appellants.

W. R. Martin, Ozark, for appellee.

FOSTER, Justice.

Appellants were defeated in a suit for the recovery of a house and lot in Ozark, Alabama. The lot was owned by Simon White at the time of his death in 1916. He left a widow Julia who resided in the house until her death in 1930. Appellant Pollie Adams was a niece of Julia. Pollie's mother is appellant Fannie Martin who was a sister of Julia. After Julia's death, Pollie paid her funeral expenses and moved into the house and has remained in possession since then. Fannie has not been in possession. Appellee, plaintiff below, was the only child and next of kin of Simon. She did not live in Ozark. The suit is against Fannie Martin and her daughter Pollie Adams. Pollie has been in possession of the house since Julia died. Fannie has not been in possession, but has paid the taxes every year since Julia's death and has assessed the property to herself. The evidence is that Fannie used her own money to pay the taxes. It does not appear that the taxes were assessed and paid by any arrangement between Fannie and Pollie whereby it was done for Pollie. Pollie claimed the property because of her payment of the funeral expenses of Julia. Fannie did not claim it. She paid the taxes the first year that Pollie moved in the house to prevent a sale, and said she paid them after that to keep it from being sold. Pollie and Fannie did not have joint possession or make a joint claim of ownership. Neither of them claimed by descent cast or devise nor had color of title. Fannie did not have possession and made no claim of adverse possession. Pollie had possession and claimed to own the house and lot, but not only had no color of title nor claim of inheritance but paid no taxes, and did not list the property for taxation. Section 828, Title 7, Code. She has no other claim, but appellee inherited the title from her father. Neither of the appellants has acquired it by adverse possession because section 828, supra, has not been met.

The assignments of error relate to the refusal of affirmative charges. Their was no error in their refusal.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.